UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER R. PAVEY,<br><br>  Plaintiff,<br><br>    v.<br><br>RONNIE NEAL, MICHELLE METCALF, SILVIA WHITSEL, PAMELA JAMES, MARK NEWKIRK, AND JOSHUA WALLEN,<br><br>  Defendants. | CAUSE NO. 3:22-CV-385-RLM-MGG |

OPINION AND ORDER

On May 13, 2022, Christopher R. Pavey, a prisoner without a lawyer, filed a complaint about events that happened two days earlier on May 11, 2022. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Prisoners can't bring suit in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Mr. Pavey says in his complaint "this event was grievable, but I did not file a grievance because as evidenced by Exhibit(s) 2.b., 2.c., and 2.d. I am being denied

access to the Offender Grievance Process by Joshua Wallen and his direct supervisor Mark Newkirk. ECF 2 at 7.

Exhibit 2.d. is a Request for Interview purporting to show that Mr. Pavey filed a grievance on March 17, 2022, asserting that Mark Newkirk misinterpreted a policy. ECF 2-1 at 24. Exhibit 2.c. is a Request for Interview purporting to show that Mr. Pavey sent a request to Joshua Wallen asking why his March 17, 2022, grievance was returned. *Id*. at 24. Exhibit 2.b. is a Request for Interview purporting to show that Mr. Pavey filed a grievance with seventeen attachments on April 8, 2022, asserting Joshua Wallen denied him access to the grievance process. For the purpose of this screening order, the court accepts all of these assertions as true. But at most, they merely allege he had trouble filing grievances in the past and believes trying again would be futile. They don't show that he was unable to file a grievance about the events of May 11, 2022. Exhaustion is necessary even if the prisoner believes exhaustion is futile. Dole v. Chandler, 438 F.3d 804, 808-809 (7th Cir. 2006) (citations omitted). Even if Mr. Pavey thought submitting a grievance would be futile, "he had to give the system a chance." Flournoy v. Schomig, 152 F. App'x 535, 538 (7th Cir. 2005). "No one can know whether administrative requests will be futile; the only way to find out is to try." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 536 (7th Cir. 1999)

"Failure to exhaust is an affirmative defense that a defendant has the burden of proving," King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015), but "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment,

2

he's out of luck." Early v. Bankers Life and Cas. Co., 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). That's what has happened in this case. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin D.O.C., 182 F.3d at 535. Mr. Pavey acknowledges he didn't exhaust his administrative remedies before filing suit.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018), but "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009). Because Mr. Pavey couldn't file an amended complaint that could cure this defect while still being consistent with the facts alleged in the original complaint, which was signed under penalty of perjury, it would be futile to allow him to amend.

For these reasons, this case is DISMISSED WITHOUT PREJUDICE because it was filed before administrative remedies were exhausted as required by 42 U.S.C. § 1997e(a).

SO ORDERED on June 22, 2022

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT

3