UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER R. PAVEY,<br><br>  Plaintiff,<br><br>  v.<br><br>RONNIE NEAL, MICHELLE METCALF, SILVIA WHITSEL, PAMELA JAMES, MARK NEWKIRK, AND JOSHUA WALLEN,<br><br>  Defendants. | CAUSE NO. 3:22-CV-385-RLM-MGG |

## OPINION AND ORDER

Christopher R. Pavey, a prisoner without a lawyer, filed a motion to reconsider the order screening and dismissing this case. Because the motion was filed within twenty-eight days after judgment was entered, the court construes the motion as one under Federal Rule of Civil Procedure 59(e). "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006).

This case was dismissed because Mr. Pavey hadn't exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). Mr. Pavey asks for the case to be re-opened and set for a hearing pursuant to Pavey v. Conley, 544 F.3d 739

(7th Cir. 2008).[1] *Pavey* hearings are only appropriate when there are disputed issues of fact related to exhaustion questions.

Mr. Pavey argues that (in his complaint) he "thought that he had thoroughly demonstrated that not only had he attempted several times to resolve this issue [informally] but then was repeatedly denied access to the Offender Grievance Process . . .." ECF 17 at 2 (brackets in original). In his complaint, Mr. Pavey declared under penalty of perjury that "this event was grievable, but I did not file a grievance because as evidenced by Exhibit(s) 2.b., 2.c., and 2.d. I am being denied access to the Offender Grievance Process by Joshua Wallen and his direct supervisor Mark Newkirk." ECF 2 at 7. The three exhibits were Request for Interview forms purportedly showing he filed grievances on March 17, 2022, and April 8, 2022. The incident at issue in this case didn't take place until May 11, 2022. Nothing in the complaint gave any hint Mr. Pavey had tried to grieve this issue or that he was denied the ability to do so. To the extent he is simply alleging other grievances were rejected (either properly or improperly), that wouldn't demonstrate he would have been unable to file a grievance about the issues in this case.

Mr. Pavey implies this issue is not grievable. That is untenable. In his complaint, he swore under penalty of perjury the issue was grievable. The motion to reconsider cannot create a disputed fact by contradicting Mr. Pavey's prior declarations. "[P]arties cannot [create] 'sham' issues of fact with affidavits that

---

[1] Mr. Pavey was the plaintiff in <u>Pavey v. Conley</u>.

contradict prior [sworn statements]." Bank of Ill. v. Allied Signal Safety Restraint Sys., 75 F.3d 1162, 1168 (7th Cir. 1996).

Moreover, the evidence Mr. Pavey provides doesn't show the issue was not grievable. Exhibit A is Return of Grievance form for a grievance filed April 11, 2022. ECF 17-1 at 1. Exhibit B is a Return of Grievance form for a grievance filed April 26, 2022. ECF 17-1 at 2. Exhibit D1 is a receipt for a grievance filed March 7, 2022. Exhibit D2 is a receipt for a grievance filed February 24, 2022. A grievance about a June 10, 2022, event doesn't have an exhibit letter. ECF 17-1 at 12. A Request for Interview form without an exhibit letter says he submitted nine pages with a grievance on June 17, 2022. ECF 17-1 at 15. A grievance about an event on June 20, 2022, has no exhibit letter. ECF 17-1 at 12. There is no indication any of these documents are related to the May 11, 2022, incident at issue in this case. None of them say whether the issues in this case are grievable.

The complaint sought to make the defendants "admit to the LaPorte County Superior Courts that they knowingly and intentionally interfered with my ability to comply with any and all orders, rules, and procedures by whatever actions they took to ensure my outgoing/incoming legal mail never reached its destination and lied about it." ECF 2 at 7. Policy 00-02-301, Offender Grievance Process, permits grievances about "[t]he manner in which staff members interpret and apply the policies, procedures, and/or rules of the Department or of the facility [and a]ctions of individual staff . . . ."

3

https://www.in.gov/idoc/files/00-02-301-Offender-Grievance-Process-9-1-2020.pdfOffender-Grievance-Process. Whatever Mr. Pavey believes the defendants did or didn't do to prevent him from accessing the LaPorte Superior Court would have been grievable. His assertion that it wasn't grievable both contradicts his prior sworn statement and is unsupported by the evidence.

    For these reasons, the court DENIES the motion to reconsider (ECF 17).

    SO ORDERED on August 8, 2022

                                                s/ Robert L. Miller, Jr.
                                               JUDGE
                                             UNITED STATES DISTRICT COURT